**Curtis Renee JACKSON, Plaintiff–Appellant,**

v.

**S.C. ROUSSEAU, et al., Defendants–Appellees.**

**No. 06–16974.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Curtis Renee Jackson, Susanville, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Curtis Renee Jackson, a California state prisoner, appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging prison officials violated his Eight Amendment rights when they moved him to a prison cell that was not wheelchair accessible. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir.2003), and we affirm.

The district court properly dismissed Jackson's action for failure to state a claim because Jackson did not allege facts sufficient to show that defendants disregarded a risk to his safety when they temporarily moved him out of a wheelchair accessible prison cell. *See Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir.2000) (explaining that where the conditions of confinement are challenged, a plaintiff must show that defendants knew of and disregarded an excessive risk to inmate safety); *see id.* at 731 ("[The] duration of a deprivation ... must be considered in determining whether a constitutional violation has occurred.")

Jackson's remaining contentions are unavailing.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

